IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC FACEMIRE,

    Plaintiff,

v.                                                 Civil Action No. 1:18CV118
                                                              (STAMP)
HUNTINGTON BANCSHARES INC.,
a foreign corporation d/b/a
THE HUNTINGTON NATIONAL BANK.

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

### I. Background

The defendant, Huntington Bancshares Inc., removed this civil action to this Court from the Circuit Court of Harrison County, West Virginia. ECF No. 1. The plaintiff, Eric Facemire ("Facemire"), commenced the civil action in state court seeking relief for defendant's alleged 74 separate violations of the West Virginia Consumer Credit Protection Act. ECF No. 1-1 at 10-11. The plaintiff alleges that the defendant was on notice of plaintiff's Chapter 7 bankruptcy proceedings and that despite an automatic stay and later discharge, that defendant continued to collect on the debt. Id. at 10. The plaintiff seeks compensatory damages, statutory penalties, prejudgment interest, and an award of attorney's fees and court costs. Id. at 11.

The defendant filed a motion to dismiss the plaintiff's complaint for failure to state a claim. ECF No. 6. The defendant

contends that the entire complaint should be dismissed because "the Business Credit Line Agreement which created the debt is governed by Ohio, not West Virginia, law." Id. at 1. The defendant argues that since this action is based upon diversity, the Court must apply the conflict of laws analysis of the forum state, which is West Virginia. ECF No. 7 at 4. The defendant also argues that under West Virginia law, a choice of law provision is "presumptive[ly] valid[]". Id. (citing Manville Pers. Injury Settlement Tr. v. Blankenship, 231 W. Va. 637, 644, 749 S.E.2d 329, 336 (2013)). Therefore, the Credit Line Agreement's choice of law provision is entitled to presumptive validity, unless one of two exceptions apply to overturn the presumptive validity of this choice of law provision. Id. at 5. The defendant argues that neither exception applies because: (1) the provision "bears a substantial relationship to the chosen jurisdiction of Ohio because Huntington is a federal bank based in Ohio" and because the agreement requires "Huntington to send periodic statements, loan funds, accept payments, and accept certain notifications from its Ohio operations;" and (2) applying Ohio law would not offend the public policy of West Virginia. Id. at 5-6. Thus, the defendant asks that the complaint be dismissed in its entirety. Id. at 6.

The plaintiff did not file a response to the defendant's motion.

On August 6, 2018, this Court held a status and scheduling conference. Defendant appeared telephonically by counsel. Plaintiff Eric Facemire did not appear. During the conference, this Court inquired as to whether counsel for the defendant had any knowledge of the plaintiff receiving notice of the status and scheduling conference. Counsel for the defendant stated that he has received a return receipt indicating "service accepted" of the letter regarding the above-mentioned status and scheduling conference which was sent by certified mail to the plaintiff. ECF No. 19.

This Court then stated that it felt that the best way to proceed in this matter would be to defer entering a scheduling order and issue a Roseboro notice to the pro se plaintiff Eric Facemire. Facemire was advised that a failure to respond to the defendant's motion to dismiss the complaint may result in the entry of a judgment against him. Pro se litigant Facemire was notified that within 14 days of receipt of this order he may file a response explaining why this case should not be dismissed. Facemire was further advised that he must serve the defendant with any response that he may file.

For the following reasons, the motion to dismiss must be granted.

II. <u>Applicable Law</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a

statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In this case, Eric Facemire, as the non-moving party, failed to respond to the defendant's motion to dismiss after sufficient time to respond. However, Facemire's failure to file a response does not relieve the defendant from the burden imposed upon it as the moving party. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir. 1993). The United States Court of Appeals for the Fourth Circuit in Custer held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

III. <u>Discussion</u>

Attached to the defendant's motion to dismiss is a copy of the Credit Line Agreement at issue. ECF No. 6-1. The agreement, containing Facemire's signature, states: "Your account is subject to Ohio and federal law. If the law makes part of this agreement void, the other terms will still be enforceable." <u>Id.</u> at 3-4.

This Court finds that the plaintiff fails to explain why this choice of law provision should be set aside. It is clear to this Court that, under <u>Erie</u>, the Court must apply the conflict of laws of West Virginia. 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). "[C]hoice of law clauses are enforceable, except when [1] the contract bears no substantial relationship with the jurisdiction whose laws the parties have chosen to govern the agreement, or [2] when the application of that law would offend the public policy of [the] state." <u>Nutter v. New Rents, Inc.</u>, No. 90-2493, 1991 U.S. App. LEXIS 22952, at *16 (4th Cir. Oct. 1, 1991) (citing <u>General Electric v. Keyser</u>, 166 W. Va. 456 (1981)).

Furthermore, the Court agrees with the defendant that the two exceptions do not apply here. As the defendant points out, Huntington is a federal bank based in Ohio and it is required to send periodic statements, loan funds, accept payments, and accept notifications from its Ohio operations. ECF No. 7 at 5. Additionally, the defendant correctly indicates that Ohio also has a law that protects consumers, one which the plaintiff could

assert.  Id.  Thus, the choice of law provision dictating that Ohio law governs the debt is valid and the two exceptions are not applicable here.

Accordingly, this Court must grant the defendant's motion to dismiss.

## IV. Conclusion

For the reasons set forth above, the defendant's motion to dismiss the complaint (ECF No. 6) is GRANTED.  Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to plaintiff and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 26, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE